## Hope *v.* Kelley et al., Appellants.

*Wills—Devises—Construction—Intention.*

The testatrix owned a property subject to a mortgage of $800. Desiring to assist her sister in the purchase of another property she joined with such sister in borrowing $1,750, giving as security a joint mortgage covering her own property and other property of her sister. On the same day the $800 mortgage was paid out of the money so borrowed. Testatrix paid interest on $800 of the mortgage and her sister paid interest on the balance, together with part of the principal. Testatrix died leaving a will whereby she devised to her brother the said house "the same to go to and is hereby devised to said (brother) and his heirs forever, provided my said brother assume and pay the mortgage given by me and entered against said property." On a case stated to determine whether or not the brother was required to pay the entire mortgage or only $800 thereof, the trial judge found that he must pay the entire mortgage. *Held*, no error.

Argued April 10, 1917. Appeal, No. 17, Jan. T., 1917, by Charles Kelley, from judgment of C. P. Luzerne Co., Jan. T., 1917, No. 277, on case stated, in case of Charles

Hope v. Charles Kelley, James C. Meighan, John J. Meighan, Charles E. Meighan, Regina M. Meighan, Joseph A. Meighan and Loretta M. Meighan. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Case stated to determine the construction of a will. Before FULLER, P. J.

Opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff on the case stated. Charles Kelley appealed.

*Error assigned* was the judgment of the court.

*R. B. Alexander,* for appellant.

*Frank P. Slattery,* for appellees, was not heard.

OPINION BY MR. CHIEF JUSTICE BROWN, May 22, 1917:

In an amicable action instituted in the court below the question for its determination was the effect to be given to a clause in the will of Margaret McDade, deceased, and the judgment from which we have this appeal was entered on facts agreed upon in a case stated.

On April 1, 1908, Mrs. McDade was the owner of a lot of ground—No. 516 Hazel street, in the City of Wilkes-Barre—which was subject to a mortgage executed by her for $800. At that time her sister, Annie Meighan, wished to purchase a property in Wright Township, Luzerne County, and applied to her for financial assistance. That this might be rendered, the two sisters borrowed from Peter Hope $1,750, giving as security therefor their joint mortgage, dated April 6, 1908, covering Mrs. McDade's property on Hazel street, Wilkes-Barre, and two properties owned by Mrs. Meighan, in the Township of Wright. The day after the execution of this mortgage and the receipt of $1,750 from Hope by the mortgagors the mortgage of $800 on the McDade property was paid out of

moneys so received. The balance was used in the purchase of the property in Wright Township by Mrs. Meighan. The mortgage for $1,750 was subsequently assigned to Charles Hope, the appellee. Mrs. McDade, up to the time of her death, paid interest on $800 of this mortgage, and Mrs. Meighan paid interest on the balance and $200 of the principal. Mrs. McDade died September 13, 1915, and by her will, executed June 9th of the same year, devised her Hazel street property to her brother, Charles Kelley. The question before the court below was whether he took it subject to the mortgage of $1,750, or only to $800 thereof, under the following clause in her will: "Seventh: I give, devise and bequeath to my brother, Charles Kelley of North Main street, Wilkes-Barre, Pa., my house and lot situated at No. 516 Hazel avenue, Wilkes-Barre, Pa., adjoining property of Peter Conlon, the same to go to and is hereby devised to said Charles Kelley, and his heirs forever, provided my said brother assume and pay the mortgage given by me and entered against said property."

When Mrs. McDade died there was but one mortgage on her Hazel street property, and it was the one given by her and her sister to Peter Hope for $1,750, now held by the appellee. Seven years before her death her mortgage for $800 on that property had been paid and marked satisfied on the record. It could not, therefore, have been assumed by Charles Kelley, the devisee, upon the death of his sister, for it no longer existed. Her words in the devise to him clearly and unmistakably direct that, if he takes the property, he must assume and pay her mortgage upon it. What that mortgage was was not open to dispute, for at the time the will of the testatrix was written, and up to the day she died, the only mortgage against the property was the one given to Peter Hope. When this appeared to the court, the judgment that the appellant must pay and assume it, if he would take the devise, was so manifestly correct that nothing need be added in vindication of it. No fact in the case stated

would have warranted any other conclusion. If the testatrix intended that her brother should pay but $800 of the mortgage, she could have so stated in a single line. Her intention as expressed in her will is controlling.

Judgment affirmed.